## SUPERIOR COURT

Alexander Jameskewicz  
vs.                      No. 1520  
Eva Kowal

RESCRIPT

July 2, 1925

CAPOTOSTO, J.  In an action of trespass and ejectment to try title to a small parcel of land near Quidnick Village in the Town of Coventry, the jury returned a verdict for the defendant.  The plaintiff in seeking a new trial urges the usual grounds.

The property in dispute, originally owned by the plaintiff, was sold by mortgagee's sale when plaintiff defaulted in his mortgage obligation and was conveyed to Wojiesk Kowal, husband of the defendant, by mortgagee's deed, dated October 26, 1916, and recorded November 6, 1916, in the land records for the Town of Coventry (Defendant's Exhibit 1).  Wojiesk Kowal and his wife, Eva Kowal, executed a mortgage of this property to Arthur Archambault to secure a loan of $425, which mortgage deed is dated October 28, 1916, and duly recorded on November 6, 1916 (Defendant's Exhibit 2.)

On October 4, 1918, Wojiesk Kowal died, leaving his wife and three small children.  The widow struggled along as best she could, making payments from time to time on the mortgage until it was fully paid and discharged on March 12, 1921.  From the time she and her husband first went into possession of the premises, the defendant exercised every power and obligation of dominion without any hindrance from the plaintiff until about June, 1924.  During this period,

husband and wife, and after the husband's death, his widow, tilled the land, attended to and paid for the necessary repairs, satisfied with reasonable promptness all mortgage obligations, and made a home for the little family under trying conditions.  At no time did the plaintiff exercise any of the rights of ownership or claim or receive any rental until July, 1924, when he asked the widow to leave and deliver possession of the premises to him.

The plaintiff's sudden awakening is directly due to the fortuitous offering for record of a certain deed of the land in question from Wojiesk and Eva Kowal to the plaintiff, dated November 18, 1916, and presented for record to the Town Clerk of Coventry on June 4, 1924.  (Plaintiff's Exhibit A).  In May or June of 1924, the widow, who is an uneducated Polish woman, desiring to erect some building on this land, turned for advice to a countryman of hers, one Joseph Dusza, who, being a carpenter by trade, was to take care of the necessary work.  Dusza in looking over the defendant's papers, which included those belonging to defendant's husband before his decease, came across the unrecorded deed of November 18, 1916, and, having learned that deeds should be recorded, brought the deed in question to the recorder's office with the avowed purpose of ascertaining "if the papers were good" and if the property was clear "before he built."  The town clerk, although receiving the deed of June 4, 1924, did not actually record it.  On or about June 24, 1924, Mr. Raoul Archambault, an attorney who in previous years had done some business for the Kowals, was consulted by the defendant, with the result that he went and got the deed from the town clerk on giving him a receipt for the same.

John Dusza innocently brought the matter of the attempted recording of the deed to the plaintiff's attention

by telling the plaintiff, on an occasion when the plaintiff was visiting him at his house, that the deed in question was at the town clerk's office and for him, the plaintiff, to go there and give Eva Kowal another deed "because she wanted to put up another house and the land was not hers." The plaintiff thereupon notified the defendant to leave the premises, and upon her failure to do so brought this action of trespass and ejectment. It is upon the validity of this deed that the plaintiff's entire case stands or falls.

The plaintiff's claim in substance is that the original purchase of the premises by the defendant and her husband at the mortgagee's sale in 1916 was in reality a purchase for him; that he furnished the necessary money to carry out the transaction for the Kowals had no funds of their own; that a month or so later the property was again transferred to him by the Kowals by the deed in dispute; that at that time he agreed with the Kowals that they might occupy and enjoy the premises for seven years, they to pay him $300 as rent and keep up the expenses of the mortgage; that the deed was delivered to him but that instead of putting it on record he returned it to Kowal for safe keeping, and because of Kowal being a good friend of his, he wanted to assure him that he would not put him out for seven years; that he next saw the deed some two years before the trial at the home of one Radolovicz, to whom Kowal had in turn instrusted the deed for safe keeping; that in October, 1923, he went to Mr. Beaton, the town clerk of Coventry, and asked him to watch for his deed because he did not know where it was; that the next thing he knew the deed was put on record and that he then demanded his property. The plaintiff denied flatly on cross-examination that subsequent to the auction sale to the Kowals he wanted to repurchase the prop-

erty and that after the deed was prepared the proposed deal fell through.

Mr. Raoul Archambault, although somewhat hazy as to particulars, was positive that in his capacity as attorney for the Kowals he drew the deed under consideration, which was to be delivered to the plaintiff if a sale of the premises from the Kowals to the plaintiff went through. His best recollection of the transaction was that the deed was never delivered to the plaintiff. Mr. Archambault also went into considerable detail as to how the Kowals paid for the premises in dispute. According to him no payment was ever made by the plaintiff, as far as he could recall, either on the auction price or in extinguishment of the mortgage.

Mr. Beaton, the town clerk, denied that the plaintiff ever asked him to look out for a deed from the Kowals to the plaintiff covering the premises under discussion.

Mrs. Kowal, on being questioned with reference to the deed, threw but little light upon the situation. Complete or partial ignorance of the actual facts, or inability to distinguish between signing a mortgage or a deed, or difficulty in adequately expressing herself through an intrepreter, or all three reasons concurrently may resonably explain her apparent lack of knowledge of the circumstances surrounding the signing of the deed. She knew, however, that all payments made on account of the premises came from herself and husband, and in this contention she is supported by specific written evidence of paid notes and receipts which were duly introduced as exhibits in the case.

The evidence on behalf of the plaintiff is unconvincing. Revealing, as it does, many instances of contradictions and evasion, the entire testimony may be characterized as improbable and pernicious. When all the facts are taken into consideration, the case

shows an incomplete transaction in which the deed in question was never delivered to the plaintiff. Mere chance gave the plaintiff the color of a claim which he immediately asserted by bringing this action to try the title to the humble homestead of Kowal's widow and children.

Motion for new trial denied.

For Plaintiff: Robert Quinn of Quinn, Kiernan and Quinn.

For Defendant: J. F. Murphy.